O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. THOMAS TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-02-3858 |
| | § | |
| ANTHONY J. PRINCIPI, | § | |
| Secretary of Veterans Affairs, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Reconsideration (Dkt. # 41). On March 21, 2005, the Court signed a Memorandum & Order which granted Defendant's motion to dismiss in part and Defendant's motion for summary judgment in full. The Memorandum & Order resulted in the dismissal of all of Plaintiff's claims against the Defendant. Plaintiff now asks the Court to amend its Memorandum & Order pursuant to Federal Rule of Civil Procedure 59(e) as it pertains to Plaintiff's age discrimination and constructive discharge claim. In support of his motion, Plaintiff asserts that the Court applied the *McDonnell Douglas* "pretext" standard, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), instead of the mixed motives analysis as modified by the Fifth Circuit in *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312-13 (5th Cir. 2004).

Rule 59(e) states that "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. CIV P. 59(e). The Court entered a final judgment on March 21, 2005. Thus, Plaintiff had until March 31, 2005 to file a motion to alter or amend judgment and his Motion for Reconsideration filed on April 4, 2005 was filed four days late. Federal Rule of Civil Procedure 6(b)(2) provides that the Court may:

> upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d)

and (e), 60(b), *except to the extent and under the conditions stated in them.*
FED. R. CIV P. 6(b)(2) (emphasis added). Rule 59(e) does not contain any exceptions. Thus, Rule 6(b) expressly forbids a district court from considering a late-filed Rule 59(e) motion. Accordingly, the court has no authority to consider Plaintiff's motion and that motion must therefore be denied.

Nonetheless, even if Plaintiff's motion were timely filed, the Court would not amend its original Memorandum & Order. Plaintiff argues that he presented sufficient evidence to create an issue of material fact that Defendant's articulated reason is a pretext and that Plaintiff's age was a motivating factor in Defendant's decision to force Plaintiff's resignation. The arguments presented in Plaintiff's motion do not alter the Court's initial opinion that Plaintiff failed to produce sufficient evidence to create a material issue of fact as to whether Defendant's proffered legitimate non-discriminatory explanation is pretextual. With respect to his argument that the Court should have applied a "mixed-motive" standard, Plaintiff only defended against Defendant's motion for summary judgment on the grounds of pretext and never presented the "mixed motive" theory he seeks to advance in the instant motion.

Even if the Court analyzed Plaintiff's case under a mixed motive framework, however, he still would not have been able to survive Defendant's motion for summary judgment. While the instant lawsuit was pending before this Court, the Fifth Circuit developed a "modified *McDonnell Douglas*" approach. *See Rachid*, 376 F.3d at 312-13. Under this approach, the plaintiff must still demonstrate a prima facie case of discrimination. *Id.* The defendant must then articulate a legitimate, non-discriminatory reason for its employment decision. *Id.* If the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct,

and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Id.* (citations and internal quotes omitted).  If a plaintiff demonstrates that age was a motivating factor in the employment decision, the burden is on the defendant to prove that the same adverse employment decision would have been made regardless of discriminatory animus. *Id.* The plaintiff prevails if the employer cannot carry this burden. *Id.* Plaintiff's Motion for Reconsideration is without merit because he has failed to offer sufficient evidence indicating that his age was a motivating factor in Defendant's employment decision.

Finally, though Plaintiff moves for reconsideration of his constructive discharge claim, the Court held in its initial Memorandum & Order that the Plaintiff established a genuine issue of material fact on the discharge element of his prima facie case.  Constructive discharge, however, is not a ground that independently entitles a plaintiff to relief.  Rather constructive discharge is a means of meeting the burden of proof on the adverse employment action element of a prima facie Title VII and ADEA claim.  In other words, even assuming that Plaintiff was constructively discharged, he would not be entitled to relief unless he could prove his discharge was in violation of Title VII or the ADEA. As previously held, the Plaintiff has failed to do so.

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Dkt. # 41) is DENIED.

It is so ORDERED.

Signed this 30th day of June, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE